IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GREENE, | |
| Plaintiff, | Civil Action No. 2:23-cv-1003 |
| v. | |
| | Magistrate Judge Patricia L. Dodge |
| COMM. OF PA PAROLE BOARD, et al., | |
| Defendants. | |

**MEMORANDUM**

Before the Court is Plaintiff Michael Greene's Motion for Leave to Proceed In Forma Pauperis. (ECF 9.) For the reasons set forth below, the Court will deny this Motion. If Plaintiff wants to file his Complaint, he must pay the full filing fee of $405.00.[1]

**I.    Relevant Background**

Plaintiff initiated this 42 U.S.C. § 1983 civil rights case in the United States District Court for the Eastern District of Pennsylvania in May 2023. At that time, he was an inmate at SCI Greene in Waynesburg, Pennsylvania. In his original complaint (ECF 1), Plaintiff complained about the lack of television in his prison cell and matters related to decisions of the Pennsylvania Parole Board pertaining to him.

Plaintiff did not pay the filing fee or a motion for leave to proceed in forma pauperis. Therefore, his original complaint was not filed. However, because Plaintiff's complaint complained about his conditions of confinement at SCI Greene, the Eastern District Court transferred the case to this Court.

---

[1] The filing fee is $350.00 plus a $55.00 administrative fee, for a total of $405.00.

After the case was transferred here, this Court issued an order that administratively closed it and explained to Plaintiff that the case cannot proceed until he either pays the filing fee or files a motion for leave to proceed in forma pauperis along with the required paperwork. The Court directed that Plaintiff must do one of those two things by July 27, 2023. (ECF 5.)

Plaintiff did not comply with the Court's order or otherwise communicate with the Court. Then, on April 10, 2024, Plaintiff submitted to the Court a second civil rights complaint naming only the Pennsylvania Parole Board as a defendant and seeking money damages against it. (ECF 6.) Once again, Plaintiff neither paid the filing fee nor moved for leave to proceed in forma pauperis. Accordingly, the Court issued an order (ECF 8) explaining to Plaintiff that this second complaint would not be processed further unless he paid the filing fee or moved for leave to proceed in forma pauperis.

Plaintiff then filed the instant Motion for Leave to Proceed In Forma Pauperis.[2] (ECF 9.) Attached to his Motion is a civil rights complaint in which he names as Defendants the Parole Board, the Lackawanna Courthouse, Lackawanna County, ADA John Doe, and Judge Michael J. Barrasse. Plaintiff seeks money damages against the Defendants.

**II.   Discussion**

The in forma pauperis statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (internal quotation marks omitted). But, as Congress has

---

[2] In the Motion, Plaintiff also states that he is moving for the appointment of counsel. This request is dismissed without prejudice to Plaintiff filing a separate motion to appoint counsel **after he pays the $405.00 filing fee in this case**. The Court will not consider such a motion unless and until he pays that fee and his Complaint is filed.

2

recognized, people who obtain in forma pauperis status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants[,]" and thus the provision is susceptible to abuse. *Id.*

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citation omitted), abrogated in part on other grounds by *Coleman v. Tollefson*, 575 U.S. 532 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, under the PLRA, a prisoner with three prior strikes can proceed in forma pauperis only if he is in imminent danger of serious physical injury.

"[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section § 1915(g)…hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 590 U.S. \_\_, 140 S. Ct. 1721, 1725, (2020).

Plaintiff has accumulated at least three strikes for the purposes of § 1915(g).[3] He obtained his first strike in February 2005 in *Greene v. Lackawanna County Public Defenders Officer, et al.*, No. 3:05-cv-17 (M.D. Pa.). In this case, Plaintiff brought claims against numerous defendants related to his arrest and state criminal trial for aggravated and simple assault. In February 2005, the district court explicitly dismissed Plaintiff's complaint "as frivolous under § 1915A(b)(1)."

Plaintiff obtained his second strike in May 2008 in *Greene v. Judge Michael Barrasse, et al.*, No. 3:08-cv-821 (M.D. Pa.). In this case, the district court explicitly dismissed Plaintiff's complaint "as frivolous under § 1915(e)(2)(B)(i)." Plaintiff appealed. In April 2009, the Court of Appeals for the Third Circuit explicitly dismissed this appeal as frivolous under § 1915(e)(2)(B)(i). This dismissal counts as Plaintiff's third strike. *Ball*, 726 F.3d at 464 ("a dismissal of an appeal on one of the enumerated grounds counts as a PLRA strike[.]")

Plaintiff is not excused from the three-strikes provision since he did not allege facts that would indicate that he is in imminent danger of serious physical injury from any defendant. *See, e.g.*, *Abul-Akbar*, 239 F.3d at 312.

### III. Conclusion

Based on the foregoing, the Court will deny Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF 9) pursuant to § 1915(g). The Court will also dismiss without prejudice his Motion for Appointment of Counsel (ECF 9).

Should Plaintiff desire to file the Complaint that he attached to his Motion (ECF 9-1), he must first pay the full $405.00 filing fee.[4]

---

[3] The Court has attached to this Memorandum the three orders discussed herein that count as strikes for the purposes of § 1915(g).

[4] Plaintiff is advised that if he pays the filing fee, the case will still be subject to statutory screening under § 1915A because he is a prisoner. Thus, the Court may dismiss the complaint, or any portion
*Footnote continued on next page…*

An appropriate Order follows.

Date: November 19, 2024                    /s/ Patricia L. Dodge
                                           PATRICIA L. DODGE
                                           United States Magistrate Judge

---

of the complaint, if it is determined that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. If his complaint is dismissed under § 1915A, Plaintiff will NOT be entitled to the return of his $405.00 filing fee.

5